UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

OMAR VALENZVELA-GARCIA,  )
                         )
    Petitioner,           )        Civil No. 13-78-GFVT
                         )
v.                       )
                         )        **MEMORANDUM OPINION**
K. EDENFIELD, Warden,    )              **&**
                         )           **ORDER**
    Respondent.          )

\*\*\*\*    \*\*\*\*    \*\*\*\*    \*\*\*\*

Omar Valenzvela-Garcia is an inmate confined by the Bureau of Prisons ("BOP") in the Federal Correctional Institution ("FCI") located in Manchester, Kentucky. Proceeding without counsel, Valenzvela-Garcia has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging a prison disciplinary conviction and the resulting sanctions, including the forfeiture of 41 days of his good-time credits ("GTC"). [R. 1][1] Valenzvela-Garcia has paid the $5.00 filing fee. [R. 7]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the

---

[1]Valenzvela-Garcia has filed a motion to supplement his § 2241 petition with additional documents relative to his disciplinary conviction. [R. 2] The Court has referred to the supplemental documents, and will grant the motion to amend the original § 2241 petition.

United States District Courts (applicable to § 2241 petitions under Rule 1(b)). The Court evaluates Valenzvela-Garcia's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Valenzvela-Garcia's factual allegations as true, and construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Having reviewed the petition, the Court must deny it because Valenzvela-Garcia has not established that his constitutional rights were violated during the disciplinary process.

I

On May 30, 2012, "B." Asher, a correctional officer at FCI-Manchester, filed an Incident Report charging Valenzvela-Garcia with "destroying and/or disposing of any item during a search or attempt to search," in violation of BOP Code No. 115. [R. 2-1, p. 15] In the Incident Report, Asher alleged that on that date, as he was making his rounds, he observed that Valenzvela-Garcia "...was sitting with his back to the toilet and quickly turned and tossed a brown colored substance in the toilet." [*Id.*] Asher further stated:

> I then gave Inmate Garcia an order not to flush the substance and Inmate Garcia did not comply and flushed the substance that was in the toilet. The substance was brown in color and appeared to be tobacco. Inmate Garcia was removed from the cell and submitted to a pat search with negative results. I then proceeded to search cell W03-121. Inmate Garcia was not authorized to put any substance in the toilet or to flush the toilet.

[*Id.*]

On June 5, 2012, Disciplinary Hearing Officer ("DHO") Timothy Smart conducted the disciplinary hearing on the charged offense, at which Valenzvela-Garcia waived staff

2

representation and presented no witnesses. [*Id*., p. 3] Smart prepared a DHO Report of the entire proceeding, in which he summarized Valenzvela-Garcia's testimony as follows:

> When the officer came into the cell, I had my headphones on and I was already in the process of flushing the toilet. I did not hear the officer tell me not to flush the toilet. I only flushed gras [sic] and dirt. I left the tobacco on the table. I did not flush any tobacco.

[*Id*., p. 1, § III "Presentation of Evidence," (B) "Summary of inmate statement"].

Relying on the Incident Report, a photograph, and confidential information documented in a separate report not furnished to Valenzvela-Garcia, DHO Smart found Valenzvela-Garcia of the charged BOP Code 115 offense. [*Id*., p. 4 § IV "Findings of the DHO"]. Smart concluded that Officer Asher's version of the events, as set forth in the Incident Report, were accurate, and that Asher observed Valenzvela-Garcia toss a brown-colored substance into the toilet; that Asher ordered Valenzvela-Garcia not to flush the toilet; and that Valenzvela-Garcia ignored Asher's order and flushed the toilet, into which he had tossed the brown-colored substance which Asher had observed. [*Id*., pp. 4-5]

In the DHO Report, Smart stated that he considered Valenzvela-Garcia's statements, *i.e.*, that he did not hear Asher tell him not to flush the toilet; that he was already in the process of flushing the toilet when Asher told him not to flush, and that he flushed only dirt and grass down the toilet, but Smart determined Asher's account of the events was more credible than Valenzvela-Garcia's version. [*Id*., p. 5] Smart stated, "Had you [Valenzvela-Garcia] not disposed of the brown colored substance you could have proven what you contend. Regardless, your behavior to flush and dispose of any item when ordered not to is prohibited." [*Id*.] Smart imposed the following sanctions: (1) disallowance of 41

days of GTC; (2) disciplinary segregation for 30 days ; (3) loss of commissary privileges for one year; and (4) loss of visitation privileges for one year. [*Id.*]

Valenzvela-Garcia submitted a BP-10 appeal to the BOP Mid-Atlantic Regional Office ("MARO"). [R. 21 at 7] He admitted that he collected the tobacco from discarded cigarette butts, but stated that the only substances he flushed down the toilet were the dirt and grass he had removed from the tobacco. [R. 2-1, p. 7] Valenzvela-Garcia further alleged that the disciplinary conviction was based on insufficient evidence, that he did not receive the DHO report in a timely manner, and that DHO Smart was biased against him. [*Id.*, pp. 7-8]

On November 15, 2012, "C," Eichenlaub, the MARO Director, denied Valenzvela-Garcia's appeal. [*Id.*, pp. 9-10] Eichenlaub concluded that Valenzvela-Garcia had alleged no grounds to support his allegation that DHO Smart was impartial, that DHO Smart had at least some facts upon which he relied in finding Valenzvela-Garcia guilty, that the greater weight of the evidence set forth in the DHO Report substantiated the finding of guilt, and that any delay which Valenzvela-Garcia experienced in receiving the DHO Report did not prejudice him or otherwise prevent him from filing a timely appeal. [*Id.*, p. 9]

On January 8, 2013, Valenzvela-Garcia submitted a BP-11 appeal to the BOP Central Office, alleging that DHO Smart "... was in fact bias in his findings and the findings were based solely upon the unsupported statements in the incident report." [*Id.*, p. 13] The BOP Central Office informed Valenzvela-Garcia that its response would be due on March 15, 2013. [*Id.*, p. 14] Valenzvela-Garcia alleges that as of the date he filed this action, he had not received a response from the BOP Central Office. Accepting that allegation as true,

4

Valenzvela-Garcia has fully exhausted his due process claims. *See* 28 C.F.R. § 542. 18 ("If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level.").

Valenzvela-Garcia reiterates most of the challenges to his disciplinary conviction which he asserted in the appeal process, *i.e.*, that he admitted that he possessed tobacco on May 30, 2012, but that he did not attempt to destroy or dispose of it by flushing it down the toilet; that the Incident Report was unreliable because it was based on "exaggerated" facts and on Correctional Officer Asher's incorrect assumptions about his actions; that the Incident Report was insufficient evidence upon which to base a guilty finding; and that DHO Smart had decided his guilt before the hearing transpired and was biased against him. He alleges that DHO Smart denied him a fair and unbiased hearing, thus violating his right to due process of law and causing him to be wrongly imprisoned for 41 additional days.

Valenzvela-Garcia contends that he should have been charged with and convicted of a lesser offense, possessing a prohibited substance (tobacco), a BOP Code 331 violation that does not carry the loss of GTC as a sanction. Valenzvela-Garcia seeks an order setting aside his disciplinary conviction and restoring his 41 days of forfeited GTC.

II

Prisoners sanctioned with the loss of GTC are entitled to some due process protection. *Wolff v. McDonnell*, 418 U.S. 539, 556, (1974) ("there must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution"). The due process to which prisoner are entitled includes: written notice of the charges at least 24

5

hours before a hearing to enable the inmate to prepare a defense; to call witnesses and present documentary evidence if doing so is not an undue hazard to institutional safety, and a written explanation of the evidence relied on and reasons for disciplinary action.  *Id.*

Valenzvela-Garcia claims that there was insufficient evidence to warrant a finding of guilt, but his argument ignores the fact that pursuant to *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445 (1985), a disciplinary conviction must be upheld as consistent with due process as long as there is "some evidence" to support the decision.  *Id*. at 454-55.  "Some evidence," as its name suggests, is a lenient standard.  *See Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).  A district court has no authority under the guise of due process either to review the resolution of factual disputes in a disciplinary decision or to weigh the credibility of the witnesses.  A district court merely ensures that the disciplinary decision is not arbitrary and does have evidentiary support.  *Superintendent*, 472 U.S. at 457.  Even meager proof is sufficient under the "some evidence" standard.  *Webb*, 224 F.3d at 652.  "[T]he full panoply of rights due a defendant [in a criminal prosecution] does not apply" with regard to inmate disciplinary hearings.  [*Id.*]

In this case, there was some evidence to support Valenzvela-Garcia's disciplinary conviction.  That evidence consisted of the May 30, 2012, Incident Report, in which Correctional Officer Asher concluded that Valenzvela-Garcia was attempting to destroy or dispose of a prohibited substance in direct violation of his verbal order not to do so.  Valenzvela-Garcia contends that Asher's conclusions, as set forth in the Incident Report, were based on false assumptions about his conduct, and that Asher "exaggerated" the facts.

6

Although the Incident Report is not complete evidence of guilt, and although Valenzvela-Garcia disputes the factual accuracy of the Incident Report, DHO Smart was free to assign greater weight to the Incident Report than to Valenzvela-Garcia's version of the events. Smart did just that, and in doing so, he did not violate Valenzvela-Garcia's right to due process of law.

Thus, the Incident Report constituted "some" evidence upon which DHO Smart could reasonably rely in finding Valenzvela-Garcia guilty of attempting to destroy or dispose an item. It is not this Court's role to weigh the credibility of the evidence or substitute its judgment for that of the DHO. *Superintendent,* 472 U.S. at 454-55. Regardless of the reason for his actions on May 30, 2012, Valenzvela-Garcia received all the process to which he was due, and there was "some evidence" to support the decision to find him guilty of violating BOP Code 115 and order him to forfeit 41 days of GTC. *See Cosgrove v. Rios*, No. 7:08–CV–109–KKC, 2008 WL 4706638, at *4 (E.D. Ky. Oct. 21, 2008) (finding that DHO's review of reports and memoranda constituted "some evidence" and was enough to support the finding of guilt, imposition of sanctions, and revocation of the inmate's GTC).

Valenzvela-Garcia alleges that DHO Smart predetermined his guilt on the BOP Code 115 offense and was biased against him. In order to ensure impartiality, "the DHO may not be the reporting officer, investigating officer, or UDC member, or a witness to the incident or play any significant part in having the charge(s) referred to the DHO." 28 C.F.R. § 541.16(b). Smart ruled adversely to Valenzvela-Garcia, but because Valenzvela-Garcia does not allege that Smart was personally or substantially involved in either the issuance of

the disciplinary charge or the investigation of the circumstances underlying the charge, he does not set forth allegations reasonably suggesting that DHO Smart acted improperly by finding him guilty of violating BOP Code 115.  *See Greer v. Hogston*, 288 F. App'x 797, 799 (3d Cir. 2008); *Davis v. Zuercher*, No. 7:08−CV−207−K KC, 2009 WL 585807, at *5 (E.D. Ky. Mar. 6, 2009).   Valenzvela-Garcia's allegation on this issue therefore lacks merit.

III

Accordingly, it is hereby **ORDERED** that:

1. Omar Valenzvela-Garcia's "Motion to Enter Exhibit 'A' in Support of Section 2241 Motion" [R. 2] is **GRANTED**;

2. Valenzvela-Garcia's 28 U.S.C. § 2241 petition for a writ of habeas corpus [R. 1] is **DENIED**.

3. The Court will enter an appropriate judgment.

4. This matter is **STRICKEN** from the active docket.

This this 22nd Day of October 2013.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge